IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                                                                            No. CR 21-816 KG

MATTHEW AARON HENDERSON,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** is before the Court on Defendant Matthew Aaron Henderson's *Pro Se Notice of Prosecutorial Misconduct* (the "Notice of Prosecutorial Misconduct"), (Doc. 42), filed September 20, 2021; Mr. Henderson's *Pro Se Motion for Furlough Request* (the "Motion for Furlough"), (Doc. 46), filed October 1, 2021; Mr. Henderson's *Pro Se Motion to Compel the U.S. Attorney to Release All Records, Recordings, Notes, Video, Etc. of the 2nd Debrief of Matthew Henderson* (the "Motion to Compel"), (Doc. 47), filed October 1, 2021; the United States of America's *Sealed Response to Defendant's Notice of Prosecutor Misconduct,* (Doc. 44), filed October 1, 2021; and the United States of America's *Omnibus Response to Defendant's Motion to Compel and Motion for Furlough*, (Doc. 49), filed October 15, 2021.

On November 2, 2021, United States District Judge Kenneth J. Gonzales referred these filings to the undersigned to perform legal analysis and recommend an ultimate disposition, pursuant to 28 U.S.C. § 636(b). (Doc. 53). The Court, having considered the instant filings, the record, and the relevant law, **RECOMMENDS** that Mr. Henderson's Notice of Prosecutorial Misconduct, (Doc. 42), Motion for Furlough, (Doc. 46), and Motion

to Compel, (Doc. 47), be **STRICKEN**. The Court further **RECOMMENDS** that Mr. Hernandez's request for a hearing be **DENIED**.

I.     **Background**

On March 21, 2021, United States Border Patrol agents arrested Mr. Henderson on a charge of Conspiracy to Transport Illegal Aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), *see* (Doc. 1 at 1); (Doc. 20 at 1), and on June 15, 2021, Mr. Henderson pled guilty, (Doc. 24). Prior to sentencing, Mr. Henderson was debriefed by U.S. Border Patrol agents, pursuant to a *Kastigar* letter. (Doc. 42 at 1); (Doc. 44 at 3). During one of the two debriefings, Mr. Henderson admitted to, among other things, placing false stickers on his vehicle to "fool law enforcement." (Doc. 42 at 1); *see also* (Doc. 44 at 3). On August 24, 2021, the Court sentenced Mr. Henderson to a "12 month[] and 1 day" term of federal imprisonment. (Doc. 41 at 2).

On September 20, 2021, Mr. Henderson filed the instant *pro se* Notice of Prosecutorial Misconduct, alleging the Government improperly disclosed information at his sentencing hearing that it had obtained pursuant to the *Kastigar* letter, and requesting a hearing. (Doc. 42 at 1-2). The Government filed a sealed response, asking the Court to strike the Notice of Prosecutorial Misconduct "as frivolous and deny [Mr. Henderson's] request for a hearing." (Doc. 44 at 1). In particular, the Government contends that its mention during sentencing of the stickers on Mr. Henderson's vehicle was to "hightlight[] [Mr. Henderson's] thoughtless and dangerous conduct . . . while transporting the twelve undocumented aliens[.]" *Id.* at 7. The Government argues that this information, as well as the Government's use of it, was not *Kastigar*-protected. *Id.* Moreover, the Government contends that Mr. Henderson suffered no prejudice, because he was "effectively sentenced to the lowest possible custodial sentence within the guidelines range at 12

months and one day, which allows [him] to qualify for 'good time' reductions in his sentence[.]" *Id.* at 8.

On October 1, 2021, Mr. Henderson filed the instant Motion for Furlough, (Doc. 46), and Motion to Compel, (Doc. 47). In his Motion for Furlough, Mr. Henderson requests that the Court grant him a "7-10 day furlough" so that he may resolve certain legal and business matters. *See* (Doc. 46 at 5). In his Motion to Compel, Mr. Henderson asks that the Court compel the Government to "release all records" from the June debrief conducted by U.S. Border Patrol. (Doc. 47 at 2).

The Government filed one omnibus response to both motions, asking that the Court decline to consider the motions because Mr. Henderson continues to be represented by counsel. (Doc. 49 at 1). The Government further argues, in any event, that the Court lacks jurisdiction over the Motion for Furlough, and that instead only the Bureau of Prisons can consider the request. *Id.* at 3-4. With regard to the Motion to Compel, the Government contends that it is moot because, on September 23, 2021, the Government disclosed "a report documenting the substance of the second debrief[,]" and has attached it as a sealed exhibit to its response to the Notice of Prosecutorial Misconduct. *Id.* at 3.

**II.     Analysis**

A defendant in a criminal proceeding who is represented by counsel is not eligible to file pleadings *pro se. See United States v. Hildreth*, 485 F.3d 1120, 1125 (10th Cir. 2007) (declining to accept supplemental brief filed *pro se* by defendant who was represented by counsel). Although "[d]istrict courts have discretion over whether to allow hybrid representation[,]" *United States v. Couch*, 758 F. App'x 654, 656 (10th Cir. 2018), this District does not permit hybrid representation, *see, e.g., United States v. Kristich*,

1:18-cr-2635 WJ (D.N.M. 2020) (Doc. 42); *United States v. Benavidez*, 1:19-cr-592 WJ (D.N.M. 2020) (Doc. 88); *see also United States v. Tafoya*, 2:15-cr-4112 RB (D.N.M. 2016) (Doc. 171 at 1) ("Because Defendant is represented by counsel, he is not eligible to file pleadings *pro se.*").

Here, Mr. Henderson was initially appointed counsel from the Federal Public Defender's Office. (Doc. 2). On March 30, 2021, he filed a *Motion to Substitute Attorney*, (Doc. 11), which the Court granted on April 1, 2021, permitting his newly retained attorney Kenneth del Valle to appear on his behalf, (Doc. 15). On July 14, 2021, approximately one month after Mr. Henderson's guilty plea but before his sentencing, Mr. del Valle filed a *Motion to Withdraw as Attorney of Record for Defendant*, (Doc. 31). *See also* (Doc. 24). On August 24, 2021, the same day that Mr. Henderson was ultimately sentenced, the Court held a hearing on Mr. del Valle's motion. (Doc. 36); (Doc. 37). The Court granted Mr. del Valle's motion, and then permitted Herman E. Ortiz to substitute as counsel. (Doc. 39 at 1); *see also* (Doc. 32); (Doc. 40).

Given this sequence of events, as the Government argues, Mr. Henderson continues to be represented in this matter by Mr. Ortiz. This is buttressed by both the absence of any motion to withdraw by Mr. Ortiz and the Government's post-sentence communication with Mr. Ortiz, "who indicated he was considering filing a motion to reconsider the sentence." (Doc. 49 at 2). Notably, Mr. Henderson did not file a reply contesting the Government's argument on this point. In fact, in his Notice of Prosecutorial Misconduct, he himself admits that he remains represented by Mr. Ortiz. (Doc. 42 at 1).

As such, the Court must find that, under this District's case law, Mr. Henderson was not permitted to file the instant filings *pro se*, and that the Court thus cannot consider the merits of these filings. The Court will therefore **RECOMMEND** that the filings be

**STRICKEN**.

### III.     Conclusion

Given the foregoing, the Court **RECOMMENDS** that Mr. Henderson's *Pro Se Notice of Prosecutorial Misconduct*, (Doc. 42), *Pro Se Motion for Furlough Request*, (Doc. 46), and *Pro Se Motion to Compel the U.S. Attorney to Release All Records, Recordings, Notes, Video, Etc. of the 2nd Debrief of Matthew Henderson*, (Doc. 47), be **STRICKEN**. The Court further **RECOMMENDS** Mr. Henderson's request for a hearing be **DENIED**.

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE