### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                                                        No. CR 21-816 KG

MATTHEW AARON HENDERSON,

        Defendant.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Defendant Matthew Aaron Henderson's *pro se Motion for Assistance from the Court* (the "Motion for Assistance"), (Doc. 56), filed December 27, 2021; his *pro se Motion to Release Defendant's Cell Phone from Custody of the US Attorney* (the "Motion to Release Cell Phone"), (Doc. 57), filed December 27, 2021; and the United States' *Response to Defendant's Motion to Release Cell Phone* ("the Response"), (Doc. 59), filed February 8, 2022. On February 7, 2022, United States District Judge Kenneth J. Gonzales referred Mr. Henderson's motions to the undersigned to make findings of fact, conduct legal analysis, and recommend a disposition. (Doc. 58). The Court, having considered the briefing, the record, and the relevant law, **RECOMMENDS** that Mr. Henderson's Motion for Assistance, (Doc. 56), and Motion to Release Cell Phone, (Doc. 57), be **DENIED AS MOOT**.

First, in his Motion to Release Cell Phone, Mr. Henderson asks the Court to order the Government to return his cell phone, complaining that the Government has refused to do so to date. (Doc. 57 at 1-2). The Government explains that, after Mr. Henderson filed the Motion to Release Cell Phone, it "reached out to the Border Patrol Agent leading the investigation of Defendant via email that same day and requested that Defendant's

phone be returned to his attorney, Mr. Ortiz." (Doc. 59 at 1). The Government indicates that Mr. Henderson's phone was turned over to his attorney the next day, on January 4, 2022. *Id.* at 1-2. Mr. Henderson did not reply to the Government's Response. Given that, as well as the Government's representations, the Court finds the Motion to Release Cell Phone is now moot and will recommend that it be denied.

Next, in his Motion for Assistance, Mr. Henderson asks the Court to assist him in "speak[ing] with [his] attorney." (Doc. 56 at 5). Mr. Henderson explains that, for over three months, his attorney has failed to answer or return any of the "over 100 phone calls" Mr. Henderson has made. *Id.* at 1. In explaining the urgency, Mr. Henderson states "[t]here are pending motions . . . and new matters, [which] need to be addressed in a timely manner." *Id.* This motion appears to be moot, as well, because Mr. Henderson was released from custody on January 26, 2022, approximately one month after filing the instant motions. (Doc. 60 at 1). As such, he is now able to contact his attorney directly. Thus, the Court will recommend that the Motion for Assistance be denied.

Therefore, the Court **RECOMMENDS** Mr. Henderson's *Motion for Assistance from the Court*, (Doc. 56), and his *Motion to Release Defendant's Cell Phone from Custody of the US Attorney*, (Doc. 57), be **DENIED AS MOOT**.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE